THE STATE v. WHITE.

47 555
94 417

1. **Criminal Law**: SECURITY TO KEEP THE PEACE: COSTS. The defendant was required by a justice of the peace to enter into a recognizance to keep the peace; at the next term of the District Court he appeared and demanded a trial, but the complainant did not appear: *Held*, that the court was authorized under section 4126 of the Code to refuse a trial, and to discharge defendant and render judgment against him for costs.

*Appeal from Page District Court.*

SATURDAY, DECEMBER 15.

UPON a proceeding instituted before a justice of the peace, the defendant was required to enter into a recognizance to keep the peace, and judgment was rendered against him for costs. The recognizance having been entered into by defendant, all the papers in the proceeding were returned by the justice to

the District Court, as required by the Statute. Code, § 4121. The proceedings then had are disclosed by the following bill of exceptions found in the record.

"Be it remembered that at the first term of this court after the undertaking was entered into by the defendant, to-wit: At the February term, 1876, the defendant appeared at said term in this county, and demanded a hearing and trial of the case, and continued in attendance at said term until the last day of said term. That the complainant, George W. Robinson, did not appear at said term of this court on any day of said term, and further prosecute the charge and complaint and the case was continued. And be it further remembered that at the September term of this court, A. D. 1876, the defendant again appeared in this court to defend the charge and complaint, and remained in attendance at the last named term until the case was dismissed.

That the said Geo. W. Robinson, complainant, did not appear at the last named term, or on any day of said term, to further prosecute said charge and complaint, and on the 26th day of September, A. D. 1876, that being the last day of said term, the said case was dismissed at the cost of defendant and the court rendered judgment against the defendant for the costs of the prosecution. To all of which, and to the dismissing of said case and the rendition of said judgment against the defendant for the costs of the prosecution, defendant excepted, and asks that this his bill of exceptions might be signed and made a part of the record in this case."

From the judgment of the District Court as shown by this bill of exceptions the defendant appeals.

*Z. T. Fisher*, for appellant.

*J. F. McJunkin, Attorney General*, and *S. McPherson, District Attorney*, for appellee.

BECK, J.—The grounds of defendant's complaint in this case are: *First*, the refusal of a trial on the charge against him; *second*, the judgment against him for costs. He insists that the proceedings of the District Court, in these respects, are in

The State v. White.

conflict with Code, § 4126. It is as follows: "If the principal of the undertaking appear, and the complainant does not appear, or if neither of the parties appear, the court shall enter an order discharging the undertaking; but if both parties appear, the court shall hear the proofs and may require a new undertaking in such sum as it shall prescribe, for a period not exceeding one year, and may commit the defendant until the same be given. Judgment shall be entered against the party held to keep the peace for all costs of the proceeding; but if it be made to appear to the court that the proceeding was instituted without probable cause, the court may render judgment against the complainant for such costs."

I. The complainant not appearing, the court was not required to enter into a trial of this cause in order to determine whether the defendant should be required to enter into a new recognizance, but was directed to discharge the defendant's recognizance. The court did not, therefore, err in refusing a trial as demanded by the defendant. The only object of such a trial is to determine whether the recognizance should be continued or a new one required; the decision of the justice is not to be reversed therein.

II. If the court in the absence of the complainant was required, upon defendant's request, to determine whether the proceedings were instituted without probable cause, a question which we do not pass upon, no such request was made and defendant therefore has no ground of complaint. What he demanded was "a hearing and trial of the case." This could not be had in the absence of the complainant. The court, not being requested by defendant to inquire whether "probable cause" for the proceedings existed, that question not having been brought before the court upon proofs submitted upon a hearing authorized in case the complainant appeared, did not err in rendering judgment for costs without determining the question involving the existence of probable cause for the proceeding. The judgment dismissing the case is to be regarded as an order discharging the recognizance of defendant; so far as it is for costs it is authorized by the provision of the Code above quoted.

AFFIRMED.