STATE OF IOWA V. AUGUSTUS STEINKOPF, Appellant.

Criminal Practice: SECURITY TO KEEP THE PEACE: COSTS.   Where complainant in a proceeding to secure the peace makes no appearance in the district court, the defendant has the right to introduce evidence of want of probable cause on the question to whom costs shall be taxed.   Code, 4126.

*Appeal from Delaware District Court.*—HON. JOHN J. NEY, Judge.

SATURDAY, APRIL 6, 1895.

*Bronson & Carr* for appellant.

No appearance for appellee.—*Reversed.*

Kinne, J.—I.   July 13, 1893, one Wilson filed a complaint in the office of a justice of the peace of Delaware township, Delaware county, Iowa, charging the defendant with threatening to commit a breach of the peace, and asking that he be required to enter into an undertaking to keep the peace.   A warrant was issued; the defendant was arrested, and brought before said justice; and an examination had which resulted in said justice's ordering the defendant to enter into an undertaking, in the sum of five hundred dollars, to abide the order of the district court of said county at the next term thereof, and in the meantime to keep the peace towards said complainant.   Defendant gave the bond, and was discharged.   At the next term of the district court the defendant appeared, and filed a motion in which he averred that the said proceeding before the

STATE OF IOWA v. STEINKOPF.          [94 Iowa

justice was willfully and maliciously instituted, without probable cause, by said complainant, Wilson, and for the purpose only of injuring and damaging the defendant; and he moved the court for a trial to determine the question as to whether complainant, Wilson, had probable cause for commencing said proceeding, and, should want of probable cause be found, to charge the costs of the entire proceeding to said complainant, and render judgment against him therefor. The court overruled the motion to which defendant excepted and demanded a hearing; and, the prosecuting witness failing to appear and prosecute, the court ordered that the defendant be discharged at his own costs, and taxed the costs to the defendant. Defendant appeals.

II. This cause involves the determination of the question as to whether, under our statute, where one has been bound over to keep the peace and to abide the orders of the district court, he is entitled, in said court, when the complainant does not appear, to introduce evidence for the purpose of showing that the proceedings were instituted by the complainant without cause, to the end that, if such be found to be the fact, costs may be taxed against the complainant. The statute (section 4126 of the Code) reads: "If the principal in the undertaking appear, and the complainant does not appear, or if neither of the parties appears, the court shall enter an order discharging the undertaking; but if both parties appear, the court shall hear the proofs, and may require a new undertaking in such sum as it shall prescribe for a period not exceeding one year, and may commit the defendant until the same be given. Judgment shall be entered against the party held to keep the peace for all of the costs of the proceeding; but if it is made to appear in the court that the proceeding was instituted without probable cause, the court may render judgment against the complainant

for such costs." It was held in *State v. White,* 47 Iowa, 557, that in case the complainant did not appear the defendant was not entitled to a hearing and trial of the case, in order to determine whether the defendant should be required to enter into a new recognizance, for in such a case the statute directed the court to "enter an order discharging the undertaking." The question now raised was not involved in that case, and, the court says, was not passed upon. It seems to us that the learned district court erred in overruling defendant's motion. If the complainant had appeared, and introduced evidence in support of the charge, there can be no doubt that the defendant would have had the right to introduce evidence showing a want of probable cause, and, if successful in that respect, might reasonably have asked the court to tax the costs of the proceeding to the complainant. Now, does the statute contemplate that the complainant may willfully, and without probable cause, set in motion the machinery of the law, and, by refusing to appear in the district court, deprive the defendant of the right to be heard as to whether the prosecution was thus instituted? It seems to us not. When the defendant asked to introduce evidence to show that the proceedings were instituted without probable cause, he should have been permitted to do so, regardless of the fact as to whether the complainant appeared or not. Such an inquiry is not a hearing for the purpose of determining as to whether defendant should give a new bond, but to afford the defendant an opportunity to show that that proceeding was in fact instituted without probable cause, as a reason for taxing the costs to the complainant. The clause of the statute giving this right first appears in the Code of 1873. We do not think that the right of defendant to show that there was a probable cause for beginning the

proceedings is in any way dependent upon the appearance of the complainant in the district court.—*Reversed.*